|                        |     |
|------------------------|-----|
| Minimum Mandatory      | No  |
| Rule 35/5K1.1          | No  |
| Appeal Waiver          | No  |
| Forfeiture             | No  |
| Other (FOIA)           | Yes |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



| UNITED STATES OF AMERICA | ) |              |
|--------------------------|---|--------------|
|     Plaintiff            | ) |              |
| v.                       | ) | CR 412-274   |
|                          | ) |              |
| BO DUKES                 | ) |              |
|     Defendant            | ) |              |

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL**:        Toly A. Siamos

**ASSISTANT U.S. ATTORNEY**:  Tania D. Groover

**STATUTE CHARGED**:

    Count 1:   18 U.S.C. § 371
                  Conspiracy

    Count 2:   18 U.S.C. § 641
                  Theft of Government Money

**COUNT PLEADING TO**:

    Count 1:   18 U.S.C. § 371
                  Conspiracy

**PENALTY**:

    Count 1:   Not more than 5 years imprisonment;
                  A fine of not more than $250,000;
                  Not more than 3 years of supervised release; and
                  A special assessment of $100.

## ELEMENTS

**Count 1    Conspiracy:**

First:   Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second:   The Defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:   During the conspiracy, one of the conspirators knowingly engaged in at least one over act as described in the indictment;

Fourth:   The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

## SUMMARY OF GOVERNMENT'S PROMISES:

Provided Defendant truthfully admits the offenses and relevant conduct to the Government, Court and Probation Office, and does not engage in any additional criminal conduct from the time of the initial appearance in this case, the Government agrees:

- To dismiss Count Two of the Indictment as to this Defendant;
- To not object to a recommendation from the probation officer that Defendant receive a reduction for acceptance of responsibility; and
- To recommend to the Probation Office and the Court that Defendant pay full restitution to the victims of the conduct described in the Indictment pursuant to 18 U.S.C. § 3663, 18 U.S.C. § 3663A, U.S.S.G. § 5E1.1, or any other applicable statute, regulation or guidelines.

## SUMMARY OF DEFENDANT'S PROMISES:

The Defendant agrees:

- To plead guilty to Count One in the Indictment;
- To acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;
- To waive certain rights under the Freedom of Information Act and the Privacy Act;
- Pay on the date of sentencing any assessments imposed by the Court; and
- To pay full restitution to all victims of the conduct described in the Indictment,
- pursuant to 18 U.S.C. § 3663, 18 U.S.C. § 3663A, U.S.S.G. § 5E1.1, or any other applicable statute, regulation or guideline.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff**<br>    **v.**<br><br>**BO DUKES**<br>    **Defendant** | )<br>)<br>)     CR 412-274<br>)<br>)<br>) |

## PLEA AGREEMENT

Tania D. Groover, Assistant United States Attorney, attorney for the Government, and Toly A. Siamos, attorney for Bo Dukes ("Defendant"), pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of Defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. **GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT**

Upon Defendant's entry of a plea of guilty to Count One in the Indictment, Defendant's full compliance with all promises made hereinafter as a part of this Plea Agreement, and Defendant's adherence to all representations and understandings recited hereinafter, the attorneys for the Government will do the following:

    a.    Move to dismiss Count Two in the Indictment as to this Defendant;

    b.    Not object to a recommendation from the probation officer that Defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines and, if applicable, move for the third offense level point reduction based upon the timeliness of his plea, all provided Defendant truthfully admits the conduct comprising

the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter;

c.  The Government reserves the right to inform the Court and the U.S. Probation Office of all the facts pertinent to the sentencing process, including all relevant information concerning Defendant and his background. The Government will inform Defendant and defense counsel of all information provided to the probation office at the time it is provided to that office;

d.  The Government will also recommend to the Probation Office and the Court that Defendant pay full restitution to the victims of the conduct described in the Indictment, including any dismissed counts, pursuant to 18 U.S.C. § 3663, 18 U.S.C. § 3663A, U.S.S.G. § 5E1.1, or any other applicable statute, regulation or guideline.

2.  **DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT**

The obligations of Defendant under this Plea Agreement are as follows:

a.  Defendant agrees to plead to Count One in the Indictment;

b.  Defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth herein;

c.  In accordance with 18 U.S.C. § 3663, 18 U.S.C. § 3663A, U.S.S.G. § 5E1.1, or any other applicable statute, regulation, or guideline, the Defendant knowingly and voluntarily consents and agrees to the entry of an order of restitution by the Court for losses to identifiable victims relating to the Indictment, including any dismissed counts;

d.  Defendant agrees to pay the mandatory special assessment of $100 to the U.S. District Court Clerk at or before sentencing; and

e.  Defendant agrees to the FOIA/Privacy Act waiver described hereafter.

3.  **FACTUAL BASIS**

Defendant understands that the nature of the charge to which the plea is offered involves proof as to Count One in the Indictment. Defendant agrees to acknowledge the factual basis for Count One during the change-of-plea hearing, and Defendant further understands that his plea of guilty constitutes proof of Count One.

Defendant agrees that beginning at least on or about September 16, 2012 and continuing thereafter until on or about November 2, 2012, in Chatham County, within the Southern District of Georgia and elsewhere, Defendant did knowingly and willfully combine, conspire, confederate and agree with co-defendant Emily Dukes, to commit certain offenses against the United States, that is, theft of government property in violation of Title 18, United States Code, Section 641. Defendant further agrees that it was part of the conspiracy and the objects thereof for Defendant, aided and abetted by co-defendant Emily Dukes, to steal property from the United States and illegally convert the property to United States currency for their personal benefit. Defendant further agrees that in furtherance of this conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed: (1) Defendant, aided and abetted by co-defendant Emily Dukes, obtained access to General Services Administration's website, selected United States property for purchase, and caused the Department of Defense to pay for the selected property; (2) Defendant, aided and abetted by co-defendant Emily Dukes, caused the selected United States property to be shipped to their residence at 4016 Fenwick Village Drive, Savannah, Georgia, 31419, rather than the Department of Defense; and (3) Defendant, aided and abetted by co-defendant Emily Dukes, sold and pawned the United States property to obtain currency for their personal benefit, all in violation of Title 18, United State Code, Sections 371.

### 4. **DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT**

A. Defendant understands and agrees that nothing in this Plea Agreement shall abrogate the duty and right of the Government to bring all sentencing facts to the attention of the sentencing court, and Defendant further agrees that the Government shall not be bound to make any recommendation under this Plea Agreement if to do so would directly contradict facts relevant to the offense conduct or Defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this Plea Agreement.

Defendant also understands that the Court is not a party to this Plea Agreement, that the Government can only make recommendations which are not binding on the Court, and that after the entry of Defendant's guilty plea, Defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law – as to Count One, not more than 5 years imprisonment, a fine of up to $250,000, a term of supervised release of not more than three years and a special assessment of $100.

Defendant further advises the Court that Defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court, and that the United States Probation Office will consider all of Defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which Defendant was acquitted, as well as Defendant's criminal history, and that these facts will be considered by the Court in determining Defendant's sentence. Defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney.

Defendant also understands that in accordance with *United States v. Booker*, the

Court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.

### B. FINES, ASSESSMENTS, AND FORFEITURES

Defendant understands that any assessments imposed pursuant to 18 U.S.C § 3013 by the Court at sentencing must be paid on the date of sentencing.

Defendant further understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which Defendant has an interest, whether by administrative, civil, or judicial proceeding, Defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth Defendant's assets and liabilities as of the date of the offense. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

### C. FOIA AND PRIVACY ACT WAIVER.

Defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by Defendant in this Plea Agreement or otherwise; HOWEVER, notwithstanding any right on the part of Defendant to post-conviction litigation, Defendant, as a part of this Plea Agreement and in consideration of the promises made by the Government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

### 5. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT

A. Defendant represents to the Court that Defendant has had the services of an attorney Defendant believes to be competent; that Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss Defendant's case and receive advice; that Defendant has been truthful with her attorney and related all information of which Defendant is aware pertaining to the case; that Defendant and Defendant's attorney have discussed possible defenses, if any, to the charges in the information, including the existence of any exculpatory or favorable evidence or witnesses, discussed Defendant's right to plead not guilty and compel a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, Defendant's right to testify in Defendant's own behalf, or to remain silent and have no adverse inferences drawn from Defendant's silence; and that Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

B. Defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by Defendant is the result of prior discussions between the attorney for the Government and the attorney for Defendant, conducted with Defendant's authorization, knowledge and consent; that this Plea Agreement contains the entire agreement

and understanding between the Government and Defendant; and that Defendant has no other agreements, understandings, or deals with any person other than those set out in this Plea Agreement, that is, Defendant advises the Court that Defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

    C. Defendant represents to the Court that Defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty Defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. Defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. Defendant understands that Defendant will be under oath and on the record in answering those questions, and that Defendant's answers may later be used against Defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

*Signatures on Following Page*

This __8th__ day of __April__, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____
Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division


_____
Tania D. Groover
Assistant United States Attorney

I have read this Plea Agreement, consisting of 11 pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

_____
Bo Dukes
Defendant

_____
Toly A. Siamos
Attorney for Defendant

_____8ARR13_____
Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    CR 412-274 |
| v. | ) |
| | ) |
| BO DUKES | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This 3RD day of OCT., 2012.

_____
HONORABLE WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA